Michael Kind (SBN 13903)
mk@kindlaw.com
**KIND LAW**
8860 South Maryland Pkwy, Ste. 106
Las Vegas, NV 89123
P: 702-337-2322
F: 702-329-5881
*Attorney for Plaintiff Michael Anders,*
*Individually and on behalf of others similarly situated*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Michael Anders,<br>Individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br><br>CREDIT ONE BANK, N.A.,<br><br>Defendant. | CASE NO:<br><br><u>CLASS ACTION</u><br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:<br><br>THE TELEPHONE CONSUMER PROTECTION ACT,<br>47 U.S.C. 227, ET SEQ. |

1

Class Action Complaint for Damages

## INTRODUCTION

1. Michael Anders ("Plaintiff") brings this Class Action Complaint for damages injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Credit One Bank, N.A. ("Defendant") and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and related entities, in negligently, and/or willfully violating numerous federal and state laws.

2. Plaintiff alleges as follows upon personal knowledge and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. § 227(b).

4. Venue is proper in the United States District Court for the District of Nevada pursuant to 18 U.S.C. § 1391(b) because Defendant's corporate headquarters are based out of Las Vegas, Nevada.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California, County of Solano. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and subject to NRS 649. Plaintiff is also a "debtor" under NRS 649.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a National Association with its headquarters located in Nevada. It is, and at all times mentioned herein was, subject to NRS 649.

## FACTUAL ALLEGATIONS

7. As early as Feburary 10, 2020, Plaintiff began receiving pre-recorded, artificial voice phone calls from Defendant on Plaintiff's cellular telephone, soliciting Plaintiff to open a new credit card with Defendant.

8. Plaintiff continued to received a large number of calls in similar fashion, sometimes two to three times per day. All these calls were automated, prerecorded voicemessages that would begin with the recorded message, "Congratulatsion you have been approved for a Credit One credit card."

9. In frustration, Plaintiff was forced listen these messages and opt out of receiving any more telephone calls from Defendant.

10. Despite attempting to opt out receiving these pre-recorded unsolicsated telephone calls from Defendant on Plaintiff's cellular telephone, the calls continued, unabatted.

11. Plaintiff has no knowledge of how Defendant obtained his cellular telephone number and did not give Defendant, express or implied permission to contact him with pre-recorded sales solicitations to his cellular telephone.

12. Plaintiff never gave prior express consent to receive the calls and had never spoken to Defendant prior to the first call received from Defendant.

13. Defendant initiated calls to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice as prohibited by 47 U.S.C. § 227(b)(1)(A).

14. Defendant's calls to Plaintiff were made with an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1). This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator without human intervention.

15. The telephone number Defendant and/or its agents called was assigned to a cellular telephone service in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

16. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A).

17. These telephone calls made by Defendant and/or its agents violated 47 U.S.C. § 227(b)(1)(A)(iii).

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action on behalf of himself and on behalf of Class Members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

19. Plaintiff proposes to represent the following Class consisting of and defined as follows:

> All persons within the United States who have received an automated and/or prerecorded message placed to their cellular telephone soliciting Defendant's credit card and/or credit products, within the four years prior to the filing of this Complaint.

20. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

21. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members by making calls to their cellular telephones with a prerecorded or artificial voice for the purposes of soliciting Plaintiff and the Class members a credit card and/or credit prodcuts, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

22. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for

personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

23. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant' records or Defendant' agents' records.

24. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the last four years, Defendant or its agent(s) placed any artificial or prerecorded voice messages to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

   b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

   c. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

25. As a person that received at least one alleged solicitation call containing an artificial or prerecorded voice message to their cell phones, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

26. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these

Class Action Complaint for Damages

violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

27. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

28. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and Nevada law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

29. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
## 47 U.S.C. § 227 ET SEQ.

30. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

31. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers". Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of prerecorded messages and autodialers to

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

make any call to a wireless number for the purpose of soliciting, in the absence of an emergency or the prior express written consent of the called party.[2]

32. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF**

**THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

35. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff, and each member if the class, is entitled to an award of $500 in statutory damages, for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

36. Plaintiff and each Class member is entitled to seek injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

---

[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF

## THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

38. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

40. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and each Class member is entitled to treble damages, as provided by statute, up to $1,500, for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

41. Plaintiff and each Class member is entitled to seek injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

42. Plaintiff is also entitled to an award of attorneys' fees, costs and interest.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendant:

## FIRST CAUSE OF ACTION

## FOR NEGLIGENT VIOLATIONS OF

## THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

56. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

57. Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

8

Class Action Complaint for Damages

58. An award of attorney fees and costs to counsel for Plaintiff;

59. Any other relief the Court may deem just and proper including interest.

### SECOND CAUSE OF ACTION

### FOR KNOWING AND/OR WILLFUL VIOLATIONS OF

### THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

60. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

61. Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

62. An award of attorney fees and costs to counsel for Plaintiff;

63. Any other relief the Court may deem just and proper including interest.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

Date:  March 31, 2020

**KIND LAW**

By: *s/ Michael Kind*
Michael Kind, Esq.
mk@kindlaw.com
*Attorney for Plaintiff*

Class Action Complaint for Damages